### PEOPLE v. STEERS & MENKE.

(Supreme Court, Appellate Term. December 16, 1908.)

FOOD (§ 16*)—UNLAWFUL SALES—ACTION FOR PENALTY—SUFFICIENCY OF EVIDENCE.

Where, in a suit for the penalty for exposing for sale, in violation of Agricultural Law (Laws 1905, p. 364, c. 171) § 70e, the carcass of a calf under four weeks of age when killed, and which was lying on the floor near the wall when seized, about 6 o'clock a. m., in defendant's place of business, it appeared that carcasses of calves were at times delivered at defendant's place of business in the nighttime and piled up on the floor between business hours, and that when consignments came it was usual to sort out any small carcasses and leave them on the floor pending the arrival of the city inspectors, who called every day, a judgment for plaintiff was unauthorized.

[Ed. Note.—For other cases, see Food, Dec. Dig. § 16.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by the People against Steers & Menke. Judgment for the People, and defendants appeal. Reversed, and new trial ordered.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

Maurice M. Greenstein, for appellants.

William S. Jackson (F. V. S. Oliver, of counsel), for the People.

FORD, J. This is a suit by the people of the state against wholesale dealers in meats for the statutory penalty for exposing for sale the carcass of a calf which, when killed, was under four weeks of age. Plaintiff recovered judgment, from which this appeal is taken.

At the close of plaintiff's case, defendant moved to dismiss the complaint on the ground that the plaintiff had—

"failed to make out or show a cause of action, within the intent and meaning of section 70e of the agricultural law [Laws 1905, p. 364, c. 171], inasmuch as they, the people of the state, have failed to show that this calf was offered for sale or exposed for sale at the time of the seizure or at any time."

Defendant offered no testimony. I am of opinion that the motion should have been granted. The carcass was lying on the floor near the wall when it was seized, about 6 o'clock in the morning, in defendant's place of business. It appears that the carcasses of calves were at

times delivered at defendant's place of business in the nighttime and piled up on the floor between business hours; that when consignments came it was usual to sort out any small carcasses and leave them on the floor, pending the arrival of the city inspectors, who called every day. That is the substance of the evidence as to the alleged exposure for sale. It was insufficient, particularly in view of the penal character of the statute and the strict construction to which it is subject.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.